UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
EDWARDO SERRANO,                  )
                                  )
            Petitioner,           )
                                  )
        v.                        )    Civil Action No. 05-40139-MLW
                                  )
DAVID L. WINN, WARDEN,            )
                                  )
            Respondent.           )
```

<u>MEMORANDUM AND ORDER</u>

For the reasons set forth below, this habeas action will be dismissed for lack of jurisdiction.

<u>BACKGROUND</u>

On August 9, 2005, *pro se* petitioner Edwardo Serrano filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. Petitioner also submitted an incomplete application to proceed without prepayment of fees.[1]

Petitioner, a Cuban citizen, claims that his prolonged detention by immigration authorities is unconstitutional because removal to Cuba is not reasonably foreseeable. See <u>Zadvydas v. Davis</u>, 533 U.S. 678, 669-701 (2001) (stating that aliens can not be detained beyond the period "reasonably necessary" to secure their removal, and establishing a presumption that six months should be sufficient time for removal if deportation is

---

[1] On October 12, 2005, the court directed petitioner to submit a completed *in forma paueris* application or the filing fee by November 28, 2005. To date, petitioner has submitted neither.

reasonably foreseeable).

On October 14, 2005, respondent filed a Notice of Petitioner's Release (Docket #5), stating that petitioner had been "released from immigration custody" and transferred "to a halfway house in Tampa, Florida."  Respondent provided no further details regarding the terms or expected duration of petitioner's stay at the halfway house.

<u>DISCUSSION</u>

This court expresses no opinion as to whether petitioner's claim has been mooted or otherwise affected by his transfer to a halfway house.  However, to the extent, if any, that petitioner has a continuing claim under <u>Zadvydas</u>, this court no longer has jurisdiction to consider any such claim because the petitioner is not in custody in this district.  A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243.  The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. <u>Vasquez v. Reno</u>, 233 F.3d 688, 694 (1st Cir. 2000), <u>cert. denied</u>, <u>sub nom.</u> <u>Vasquez v. Ashcroft</u>, 122 S. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained).

In this case, petitioner is now located at a halfway house in Tampa, Florida.  Accordingly, to the extent, if any, that petitioner has a continuing <u>Zadvydas</u> claim, this court does not

2

have personal jurisdiction over the petitioner's immediate
custodian, and therefore must either dismiss or transfer this
petition to the proper district.  <u>Id.</u> at 696.

CONCLUSION

Based upon the foregoing, it is hereby ORDERED, that this
action be DISMISSED.

SO ORDERED.


Dated at Boston, Massachusetts, this <u>9th</u> day of <u>February</u>, 2006.


                              /s/ Mark L. Wolf_____ _
                              UNITED STATES DISTRICT JUDGE


3